UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-80156-Cr-Rosenberg/Reinhart

UNITED STATES OF AMERICA,

v.

MANFREDO JIMENEZ-FLORES,

    Defendant.

_____/

## REPORT AND RECOMMENDATION
## FOLLOWING CHANGE OF PLEA HEARING

THIS CAUSE is before the Court upon Order of Reference from U.S. District Judge Robin L. Rosenberg and the consent of the parties for a U.S. Magistrate Judge to accept a guilty plea by Defendant Manfredo Jimenez-Flores.  The Court held a change of plea hearing on April 26, 2022, which was attended by Defendant, his counsel Robert Adler, and Assistant U.S. Attorney Lothrop Morris.  The Court hereby advises as follows:

1.    The Court advised Defendant of his right to have the hearing conducted by the presiding U.S. District Judge assigned to the case.  The Court further advised Defendant that a U.S. Magistrate Judge was conducting the change of plea hearing by Order of Reference from the U.S. District Judge and as agreed to by Defendant, Defendant's attorney, and Assistant United States Attorney assigned to this case.  The Court further advised Defendant that his sentence would be imposed by the presiding U.S. District Judge, who would make all findings and rulings regarding such sentence and would conduct a sentencing hearing at a time set by the U.S. District Judge.

2.      The Court advised Defendant that he did not have to permit the undersigned to conduct this hearing and could require that the change of plea hearing be conducted by the U.S. District Judge.  Defendant, Defendant's attorney, and Assistant United States Attorney assigned to the case all agreed on the record and consented to this Court conducting the change of plea hearing.

3.      The Court then conducted a plea colloquy in accordance with the outline set forth in the Bench Book for U.S. District Judges and in conformity with the requirements of Federal Rule of Criminal Procedure 11.

4.      Defendant acknowledged that he was fully satisfied with the services of his attorney and that he had full opportunity to discuss all facets of his case with his attorney, which he acknowledged that he understood.

5.      Defendant pled guilty to the Indictment, which charges the Defendant with illegal re-entry after deportation, in violation of Title 8, United States Code, Section 1326(a) and (b)(1).

6.      There was no plea agreement between the parties.

7.       The Government orally summarized the factual basis for the plea on the record, including the essential elements of the offense.  Defendant acknowledged that all the statements contained therein are true. The defendant was aided by a Spanish Interpreter.

8.      Defendant has been referred to the U.S. Probation Office for the preparation of a pre-sentence investigation report.

Accordingly, based upon the foregoing and the plea colloquy conducted by this Court, the undersigned

RECOMMENDS that Defendant, MANFREDO JIMENEZ-FLORES, (1) be found to have freely, knowingly, and voluntarily entered a guilty plea to the Indictment, (2) that his guilty plea be accepted, (3) that he be adjudicated guilty of the offense, and (4) that a sentencing hearing as scheduled by the U.S. District Judge be conducted for a final disposition of this matter.

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Robin L. Rosenberg, United States District Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**DONE AND SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 27th day of April, 2022.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE